FILED
SUPERIOR COURT
OF GUAM

2019 JUN 21 PM 3: 15

CLERK OF COURT

By:

**IN THE SUPERIOR COURT OF GUAM**

DALLAS BERRINGER,                                )        Small Claims Case No. SD0517-18
                                                 )
                             Plaintiff,          )
                                                 )
            vs.                                  )
                                                 )        **DECISION AND ORDER**
KJ ENTERPRISE LLC                                )
                                                 )
                             Defendant.          )
_____)

On August 18, 2018 Plaintiff Berringer filed a small claims case alleging durable parts were not returned by KJ Enterprise LLC. The summons and complaint were delivered to KJ Enterprise LLC by delivering it to Ms. Jacquelyn Taitano at the office of KJ Enterprise LLC. An Entry of Default and Default Judgment were entered, by the Clerk of Courts, as a result of the failure of KJ Enterprise LLC to appear at the hearing.

The Notice of Entry on the Docket was mailed to KJ Enterprise LLC, P.O. Box 24056, Barrigada, Guam 96921. A Judgment Debtor Examination was set for hearing on December 18, 2018, but was taken off calendar for an unknown reason.

The matter was appealed to a Superior Court Judge and on February 1, 2019, CV 1020-18. The Superior Court remanded the case for the Small Claims Division to consider the default before the matter proceeds to a Trial de Novo. Defendant was represented by an attorney in the appeal matter.

1

This matter came for hearing on defendant KJ Enterprise LLC motion to set aside an Entry of Default and to vacate the Default Judgment which was filed on February 19, 2019.

The Declaration and Summons in this matter were served at Defendant's place of business through Jacquelyn Taitano, who represented herself to Mr. Berringer as a manager of KJ Enterprise LLC (see Declaration of Berringer). The Superior Court Marshal who served the Summons and Complaint testified that Ms. Taitano represented herself to be a person who could accept service. In addition, evidence was presented that Ms. Taitano accepted service on behalf of the company on other occasions including three (3) times in CV 0958-16, Sorensen Pacific Broadcasting Corporation v. KJ Enterprise LLC on September 22, 2017, November 1, 2017, and February 27 2018.

Although the declaration of Kayla Atoigue, an employee of KJ Enterprise LLC, was submitted in an effort to show that Jacquelyn Taitano was not and is not an officer, Director or owner of the company and that she was not currently employed by the company the declaration did not state that Ms Taitano was not a manager or that she was not authorized to accept service on behalf of the company at the time of the service was executed. There was no evidence presented that KJ Enterprise LLC did not receive service of process or that KJ Enterprise LLC did not have actual knowledge of the case. When the Court questioned counsel about the position that Ms. Taitano held at the company at the time of service, Counsel advised the court that he didn't have to answer this question because he "had practiced law for over 30 years". If Ms. Taitano was in fact a manager as she has held herself out to be at the time of service of process, the service is valid pursuant to Rule 4 H(1).

> (1)     in Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions in any manner prescribed by Guam law, the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, *a managing or general agent, or to any other agent authorized by appointment* or by law to receive

2

service of process and, if the agent is one authorized by statute to receive service and the statute so requires, *by also mailing a copy to the defendant;*

Rule 55. Default. (a) " Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." The motion to set aside the Entry of Default is **DENIED**. See *Midsea Industrial Inc. vs HK engineering LTD* 1998 Guam 14 , Rule 55 (a)(1).

However a Default Judgment as opposed to an Entry of Default can only be entered by the clerk if it is based upon a sum certain which means that it is a sum that can be made by calculation as in liquidated damages or contract damages Rule 55 (b) (1). That is not the case here. The damages must be proved through the presentation of evidence to the court. The Motion to Vacate the Default Judgement is **GRANTED**. The party entitled to a Judgment by default is entitled to a hearing on damages. If the party against whom judgment by default is sought has appeared in the action then service shall be made by written notice of the application for judgment at least 3 days prior to the hearing. A hearing on damages is set for: July 19, 2019 at 9:30 a.m.

IT IS SO ORDERED this 21 day of June, 2019.

**HONORABLE MARIA G. FITZPATRICK**
**Referee, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
ATTY FOR DEF.
GARY GUMATAOTAO
Date: 6/21/19  Time: 3:18 pm.

Deputy Clerk, Superior Court of Guam

3